PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE R. DAVIS, | ) | CASE NO. 5:24-CV-1447 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| COMMISIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 12] |
| | ) | |

Before the Court is Plaintiff Stephanie R. Davis' Objections to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 12). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed *de novo* those portions of the R&R to which Plaintiff has objected. Because substantial evidence supports the Administrative Law Judge's ("ALJ") findings and the magistrate judge did not err, Plaintiff's objection is overruled, and the R&R is adopted.

**I.[1]**

Plaintiff brings this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) for review of the Commissioner of Social Security's denial of her applications for Period of

---

[1] Plaintiff does not object to the factual and procedural background set forth in the R&R. Those sections are, hereby, incorporated in this writing, unless otherwise noted. ECF No. 11 at PageID ##: 1227-39.

5:24-CV-1447

Disability and Disability Insurance Benefits ("DIB"). Plaintiff seeks judgment in her favor or a Sentence 4 remand.

On February 16, 2022, Plaintiff applied for Period of Disability and DIB, alleging that her disability began on March 1, 2020.[2] *See* Appl. Summ. For Disability Ins. Benefits (ECF No. 6 at PageID #: 266). The Social Security Administration denied Davis' claims initially and on reconsideration. *See* Disability Determination Explanation (ECF No. 6 at PageID #: 145-156, 159-68). Plaintiff requested that an ALJ conduct a hearing in response to the denials. *See* Request for Hr'g by ALJ (ECF No. 6 at PageID #: 185-186). The ALJ conducted a hearing, and both Davis and a vocational expert testified. *See* Tr. of Oral Hr'g (ECF No. 6 at PageID #: 102-44). The ALJ issued a decision denying Plaintiff's application for disability insurance benefits on August 15, 2023. *See* Notice of Decision – Unfavorable (ECF No. 6 at PageID #: 34-58). Plaintiff timely appealed the decision to the Appeals Council. *See* Notice of Appeals Council Action (ECF No. 6 at PageID #: 28). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. ECF No. 6 at PageID #: 28-31; *see* 20 C.F.R. §§ 404.955, 404.981.

The ALJ determined that Plaintiff was not disabled after applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520(a)(4)(i)-(v). *See* Decision (ECF No. 6) at PageID #: 40-53. The ALJ made the following findings of fact and conclusion of law:

> 1. The claimant meets the insured status requirements of the Social Security Act (the "Act") through September 30, 2027.

---

[2] The ALJ found no basis to re-open Plaintiff's prior application(s) and dismissed the portion of Plaintiff's claim alleging disability from March 1, 2020 through July 6, 2021. ECF No. 6 at PageID #: 37. Plaintiff does not object to this demarcation, so the balance of the ruling regards only the objection to the denial of DIB.

2. The claimant has not engaged in substantial gainful activity since July 7, 2021, the alleged onset date (20 C.F.R. 404.1571 *et seq*.).

****

3. The claimant has the following severe impairments: obesity, degenerative disc disease of the lumbar spine with bulging, stenosis, spondylosis and facet arthrosis at the L4-5 joint, Raynaud's disease, undifferentiated connective tissue disease, history of autoimmune neutropenia, osteoarthritis, major depressive disorder and anxiety (20 C.F.R. 404.1520(c)).

****

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

****

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except that the claimant may stand and/or walk, with normal breaks, for up to four hours in an eight-hour workday; the claimant may frequently stoop and kneel, may occasionally crouch, crawl, climb ramps and stairs, but may never climb ladders, ropes, or scaffolds; the claimant must avoid exposure to unprotected heights and dangerous moving machinery; the claimant is able to carry out simple instructions, to deal with the changes in a routine work setting, and to interact on an occasional basis with co-workers and the public.

****

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565).

****

7. The claimant was born on July 3, 1974 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. 404.1563).
8. The claimant has a limited education (20 C.F.R. 404.1564).

3

5:24-CV-1447

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 C.F.R. 404.1568).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569 and 404.1569a).

****

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 7, 2021, through the date of this decision (20 C.F.R. 404.1520(g)).

ECF No. 6 at PageID #: 40-53. Plaintiff sought review in federal court by filing a Complaint. *See* Compl. (ECF No. 1).

In the Complaint, Plaintiff argues that the "conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." ECF No. 1 at PageID #: 2. Plaintiff further contends that the ALJ "improperly evaluated the evidence of record . . . result[ing] in an improper residual functional capacity determination[.]" ECF No. 1 at PageID #: 2. As a result of the improper determination, Plaintiff alleges, "the [ALJ's] finding that Plaintiff could perform work existing in significant numbers is not supported by substantial evidence on the record as a whole." ECF No. 1 at PageID #: 2.

Under Local Rule 72.2(b), the case was automatically referred to a magistrate judge for the preparation of a R&R. The parties briefed the merits. *See* ECF Nos. 7, 8. Finding that the ALJ applied the correct legal standard, reached findings supported by substantial evidence, the magistrate judge issued an R&R recommending that the Court affirm the Commissioner's final decision denying Plaintiff's application for DIB. *See* R&R. (ECF No. 11).

Plaintiff filed one objection to the R&R, arguing the magistrate judge failed to recognize that the ALJ violated 20 C.F.R. § 404.1520c when evaluating the opinion evidence of record.

4

5:24-CV-1447

*See* Pl.'s Objection (ECF No. 12). The Commissioner responded that the R&R correctly found that the ALJ's decision is supported by substantial evidence in the record, and that Plaintiff showed no error in the R&R. (ECF No. 13).

## II. Legal Standard

The Social Security Act allows claimants to seek DIB. The Social Security regulations provide a five-step process that an ALJ must use to determine whether a claimant is entitled to benefits:

1. whether the claimant is engaged in substantial gainful activity;
2. if not, whether the claimant has a severe impairment or combination of impairments;
3. if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;
4. if not, whether the claimant can perform their past relevant work in light of his residual function capacity; and
5. if not, whether, based on the claimant's age, education, and work experience, they can perform other work found in the national economy.

20 C.F.R. § 404.1520(a)(4)(i)–(v); *Makela* v. *Comm'r of Soc. Sec.*, No. 22-1047, 2022 WL 9838285, at *1-2 (6th Cir. Oct. 17, 2022).

Plaintiff bears the burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Plaintiff has the burden of proof in steps one through four. *Makela*, No. 22-1047, 2022 WL 9838285, at *1 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). At the final step—step five—the burden shifts to the Commissioner to establish whether the claimant has the residual function capacity to perform available work in the national economy. *Id*.

42 U.S.C. § 405(g) provides, in relevant part,

> The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where

5

5:24-CV-1447

> a claim has been denied by the Commissioner of Social Security or a decision is rendered . . . . the court shall review only the question of conformity with such regulations and the validity of such regulations.

42 U.S.C. § 405(g). For this reason, when reviewing the case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). The Supreme Court determined that "[s]ubstantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019); *accord Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). When deciding whether substantial evidence supports the ALJ's decision, district courts do "not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.") "[I]f substantial evidence supports the ALJ's decision," the Court must "defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

While district courts reviewing under the substantial-evidence standard maintain deference, the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's R&R. *See* Fed. R. Civ. P. 72(b)(2). When a petitioner makes an objection to a

6

5:24-CV-1447

magistrate judge's R&R, the district court's standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Objections "must be specific in order to trigger the *de novo* review." Bulls v. Potter, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2)). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Spring v. Harris, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)). "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id*. (quoting Enyart v. Coleman, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)). "A general objection to the entirety of [R&R]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." Potter, 2020 WL at *1.

### III.     Discussion

Plaintiff's objection to the R&R repeats an argument raised in her initial challenge to the ALJ's findings—that the ALJ improperly evaluated the opinion evidence of Dr. VanEsternberg in violation of 20 C.F.R. § 404.1520c.

Plaintiff asserts that the ALJ failed to provide how the mandatory factors of supportability and consistency affected the persuasiveness of Dr. VanEsternberg's opinion. Specifically, Plaintiff argues that the ALJ's omission of Dr. VanEstenberg's opinion regarding

7

5:24-CV-1447

tolerating work stress (Plaintiff's ability to tolerate or deal with work stressors) indicates that the ALJ's finding on the residual functional capacity did not account for the limitation. Plaintiff concludes, that had the ALJ addressed and considered that portion of Dr. VanEsternberg's opinion, then Plaintiff's "residual functional capacity *may* have been different, and if so, it would have altered the entire outcome of this claim." ECF No. 7 at PageID #: 1200 (emphasis added).

The magistrate judge disagreed with Plaintiff's contentions, finding that substantial evidence supported the ALJ's opinion, while also recognizing that an "ALJ is not required to contain all findings into a single tidy paragraph." ECF No. 11 at PageID #: 1244-45 (citation omitted). In making his finding, the magistrate judge relied on the following paragraph of the ALJ's decision regarding Dr. VanEstenberg's opinion:

> The consultative psychological examiner, Andrea VanEstenberg, Ph.D., indicated that the claimant would have some limitations in her ability to understand, remember, and carry out instructions, would have mild limitations in her ability to concentrate, persist and maintain pace, would have some limitation in her ability to interact with others and to adapt to the stressors of day-to-day work. Dr. VanEstenberg examined the claimant on a single occasion and was reporting within the bounds of her professional certifications and specialty. As this opinion indicates limitations in three of the four, psychologically based, work-related areas of function, it is at least marginally consistent with, and supported by, the overall evidence of record, discussed in digest form in the preceding paragraph. However, the opinion understates the claimant's limitations in maintaining concentration, persistence and pace, overstates the claimant's limitations in understanding, remembering and applying information, and, as to the specific degree of work-related limitation that would appertain, this opinion is vague and therefore less than helpful. In consequence, the opinion is not persuasive.

ECF No. 11 at PageID #: 1245 (citing ECF No. 6 at PageID #: 50). In addition, the magistrate judge cited the "preceding paragraph" that the ALJ relied on in consideration of Dr. VanEstenberg's opinion. That paragraph includes additional information regarding Plaintiff's social interactions and other mental-health related limitations:

8

5:24-CV-1447

> The claimant has described some difficulties getting along with others (1F/4); however, her legal history is insignificant for violence towards others (8F/13). She is involved in a romantic relationship of fourteen years' duration [hearing testimony], is discernibly able to function in public places, such as in stores, at a local park, on public transportation [hearing testimony], or while running household errands (11F/4). She is generally described in the evidence in "pro-social" terms: with normal mood and behavior (3F/3), as appropriate, pleasant, and cooperative (11F/4), as appropriately interactive (8F/15), or as pleasant (10F/18). Provided the frequency of her interaction with others is controlled, the evidence shows she has retained sufficient, residual, social function to engage in competitive work. Isolated treatment notes have described poor insight and judgment (12F/15); however, the claimant is typically assessed as exhibiting normal, or good, or unimpaired insight and judgment (3F/3), (8F/15), with the ability to make decisions with logic and insight (11F/5). Provided she is asked to carry out only simple instructions, and to deal only with the changes typical of a routine work setting, the evidence shows she has retained sufficient, residual adaptive function to engage in competitive work. These opinions understate, to significant degree, the claimant's social limitations. However, they otherwise remain broadly, and at least partially, consistent with, and supported by, the overall evidence of record and are partially persuasive.

ECF No. 11 at PageID #: 1245 (alterations in original) (citing ECF No. 6 at PageID #: 50).

Plaintiff rebuts that the magistrate judge failed to address internal inconsistencies in the ALJ's evaluation of Dr. VanEstenberg's opinions and argues that the pertinent issue was not Plaintiff's "ability to interact with others", but Plaintiff's "ability to adapt and deal with stress." ECF No. 12 at PageID #: 1252, 1254.

Plaintiff's objection restates her disagreement with the ALJ's finding and argues that the ALJ had to incorporate the entirety of Dr. Van Estenberg's opinion in determining Plaintiff's RFC. "This challenge is not a proper objection to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), because it merely rehashes [Plaintiff]'s arguments." *Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017) (overruling plaintiff's second objection, because it was already addressed and rejected in the proposed recommendation

9

5:24-CV-1447

of the magistrate judge); *Mary H. v. Comm'r of Soc. Sec.,* No. 3:24-CV-045-RGJ-CHL, 2025 WL 903837, at *4 (W.D. Ky. Mar. 25, 2025) (overruling plaintiff's second objection that the "associated recommendation that 'the ALJ adequately explained how the factors of supportability and consistency lead one to find Dr. Corpus's opinion is unpersuasive[,]'" because it rehashed the same arguments raised before the magistrate judge).

Even if the Court addressed the merits of Plaintiff's objection, the Court would be unpersuaded, because an ALJ is "not required to articulate how [she] considered each medical opinion . . . from one medical source individually." 20 C.F.R. § 404.1520c(b)(1).  Instead, an ALJ must provide sufficient explanation for Plaintiff and any reviewing court to be able to "trace the path of [her] reasoning." *Stacy v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011). (internal citations omitted).  Furthermore, ALJs are not "required to incorporate the entirety of [an] opinion into an RFC." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); *see also Callahan v. Comm'r of Soc. Sec.,* No. 17-14069, 2019 WL 1375516, at *2 (E.D. Mich. Mar. 27, 2019) (rejecting "the principle" that "an ALJ must explain why she did not include a doctor's opinions when formulating her RFC," even when the ALJ "gave great weight to the physician's opinion").

While Plaintiff may have preferred a different RFC than the one determined by the ALJ, the ALJ sufficiently explained the bases for her RFC determination, and the ALJ's explanation has substantial support in the record.  For these reasons, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in recommending the denial of DIB be affirmed.

**IV.  Conclusion**

5:24-CV-1447

For the above reasons, the Court overrules Plaintiff's objection (ECF No. 12) and adopts the Report and Recommendation.

IT IS SO ORDERED.

| | |
|---|---|
| June 20, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |